1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    MICHAEL A. SCOTT, SR.,

11              Plaintiff,                          CASE NO.  C05-1950-RSL-JPD

12         v.

13    MAGGIE MILLER-STOUT, *et al.*,                REPORT AND
                                                    RECOMMENDATION
14              Defendants.

15                    INTRODUCTION AND SUMMARY CONCLUSION

16
            This is s civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is a state prisoner
17
      who is currently incarcerated at the Airway Heights Corrections Center ("AHCC") in Airway
18
      Heights, Washington.  Plaintiff alleges in his second amended civil rights complaint that he was
19
      deprived of personal property by officials at two Washington State corrections facilities who were
20
      the custodians of that property.  He also alleges that an employee at one of the facilities retaliated
21
      against him for filing a tort claim related to the lost property.  Plaintiff identifies the following
22
      individuals as defendants in this action: Maggie Miller-Stout, Superintendent at AHCC; Robert
23
      Moore, Superintendent at the Monroe Correctional Complex ("MCC"); Pat Glebe, Assistant
24
      Superintendent at MCC; and, Tracy Daniel, a custody unit supervisor at MCC.
25

26    REPORT AND RECOMMENDATION
      PAGE - 1

Defendants have now filed a motion to dismiss this action for failure to exhaust administrative remedies.  Plaintiff has filed a response to defendants' motion and defendants have filed a reply brief in support of their motion.  The briefing is now complete, and this matter is ripe for review.  This Court, having reviewed defendants' motion, and the balance of the record, concludes that the motion to dismiss should be granted and this action should be dismissed, without prejudice, for failure to exhaust administrative remedies.

<u>DISCUSSION</u>

At issue in this action are two boxes of plaintiff's property which were mailed from MCC to plaintiff at AHCC on October 6, 2003, but which plaintiff contends he never received. Plaintiff asserts that defendants Miller-Stout, Moore, and Glebe, in their role as superintendents at AHCC and MCC, were the legal custodians of his personal property and that their failure to ensure that the property was delivered to him following his transfer between institutions constitutes a violation of his Fifth and Fourteenth Amendment rights.  He further contends that defendant Daniel failed to conduct a good faith investigation into the lost property and then retaliated against plaintiff when plaintiff refused to withdraw a tort claim filed against defendant Daniel with respect to the lost property.

Defendants argue in their motion to dismiss that this action should be dismissed because plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).

If administrative remedies have not been exhausted at the time an action is brought, it

REPORT AND RECOMMENDATION
PAGE - 2

must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations and footnote omitted).

Defendants assert in their motion to dismiss that the Washington Department of Corrections ("DOC") has an established administrative grievance process, but that plaintiff failed to complete that process with respect to his property claim.  Defendants have offered the declaration of Devon Schrum, DOC Grievance Program Manager, to support this assertion.  Mr. Schrum identifies in his declaration the types of issues which are grievable through the Washington Offender Grievance Program.  In addition, he describes the four levels of review which comprise the grievance procedure.  Mr. Schrum indicates that his review of the DOC's official grievance records revealed that plaintiff filed two grievances concerning lost property, but that he failed to complete the grievance process on either occasion.  The first grievance by plaintiff with respect to his lost property, submitted at AHCC on December 9, 2003, was returned to plaintiff for re-writing to include required information.  Plaintiff apparently elected not to re-write that grievance.  Plaintiff subsequently submitted a second grievance related to his lost property to the AHCC grievance coordinator.  That grievance was denied at level one of the grievance process and plaintiff pursued the grievance no further.

Plaintiff, in his response to defendants' motion to dismiss, appears to concede that he did not pursue the grievance process to its conclusion with respect to his property claim.  However, he attributes this to the fact that he was advised in the response to his second grievance that further inquiries regarding his lost property should be addressed to MCC.  Plaintiff appears to indicate that he thereafter had some sort of informal communication with MCC regarding the lost

REPORT AND RECOMMENDATION
PAGE - 3

property, but he made not effort to pursue the grievance process with MCC.  Plaintiff states that he elected instead to pursue his administrative remedies by way of a tort claim filed with the Department of Financial Management in Olympia.

As noted above, § 1997e(a) requires *complete* exhaustion through any *available* process. The institutional grievance process was available to plaintiff yet he failed to see that process through to its conclusion.  Instead, plaintiff elected to bypass that process in favor of filing a state tort claim.  Plaintiff offers no authority to support that proposition that the filing of a state tort claim in lieu of completing the administrative grievance process satisfies the exhaustion requirement, and this Court is aware of no such authority.  Accordingly, this Court concludes that plaintiff failed to exhaust his property claim.

Plaintiff also claims that he was transferred to the MCC Special Offenders Unit ("SOU"), a prison unit for mentally ill offenders, in retaliation for his refusal to withdraw his state tort claim.  Defendants do not address this claim in their motion to dismiss.  It is not clear whether this was an intentional omission or merely an oversight.  Regardless, it appears from the record before this Court that plaintiff has also failed to exhaust available remedies with respect to his retaliation claim.  Documents submitted by plaintiff with his first amended complaint reflect that plaintiff grieved his transfer to the SOU.  In the grievance response, plaintiff was advised that the transfer constituted a classification decision and was therefore not grievable.  He was further advised that he could appeal the transfer to the superintendent of the sending facility.  Nothing in the record suggests that plaintiff ever pursued such an appeal.  This Court must therefore conclude that plaintiff failed to properly exhaust his administrative remedies with respect to his retaliation claim as well.

<u>CONCLUSION</u>

Based on the foregoing, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's second amended complaint, and this action, be dismissed without

REPORT AND RECOMMENDATION
PAGE - 4

1    prejudice.  A proposed order accompanies this Report and Recommendation.

2        DATED this 3rd day of November, 2006.

3

4    JAMES P. DONOHUE
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   REPORT AND RECOMMENDATION
     PAGE - 5